J-S38022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHALIL WATSON, | |
| Appellant | No. 3342 EDA 2015 |

Appeal from the PCRA Order of October 14, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-0004440-2012
and CP-15-CR-0004555-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 14, 2016**

Appellant, Khalil Watson, appeals *pro se* from the order entered on October 14, 2015, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 23, 2013, Appellant pleaded guilty to two counts of attempted homicide and one count of resisting arrest.  On that same day, the trial court sentenced Appellant to serve an aggregate term of 11 to 22 years in prison.  Appellant did not file a notice of appeal from his judgment of sentence.

On April 11, 2014, Appellant filed a timely, *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant.  However, appointed counsel petitioned for and was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth**

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court then dismissed Appellant's first PCRA petition on September 16, 2014. PCRA Court Order, 9/16/14, at 1. Further, although Appellant filed a timely notice of appeal from the PCRA court's order, on July 9, 2015, this Court dismissed Appellant's appeal for failure to file a brief. Superior Court Order, 7/9/15, at 1.

On July 24, 2015, Appellant filed a second, *pro se* PCRA petition. Within this PCRA petition, Appellant claimed he was subject to an illegal search and seizure and the Chester County Court of Common Pleas lacked subject matter jurisdiction over his case because "[t]here is no enacting clause on any of these charges." Appellant's Second PCRA Petition, 7/24/15, at 1-5. On October 14, 2015, the PCRA court dismissed Appellant's second PCRA petition on timeliness grounds.

Appellant filed a timely notice of appeal to this Court. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts,

- 2 -

we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on October 24, 2013, when his time for filing a notice of appeal to this Court expired. Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until October 24, 2014 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until July 24, 2015, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1);

***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar. Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016

- 4 -